IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Santana Elliot, )<br>           )<br>      Petitioner, )<br>           )<br>  v.         )<br>           )<br>Kenneth Weedon, Warden )<br>of Broad River Correctional )<br>Institution, )<br>           )<br>      Respondent. )<br>           ) | Civil Action No.8:07-1676-JFA-BHH<br><br>**REPORT AND RECOMMENDATION**<br>**OF MAGISTRATE JUDGE** |

  The petitioner, a state prisoner, seeks relief pursuant to Title 28, United States Code, Section 2254.[1] This matter is before the Court on the respondent's motion for summary judgment (Dkt. Entry # 12) and the petitioner's motion to appoint counsel (Dkt. Entry # 15.)

  Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., this magistrate judge is authorized to review posttrial petitions for relief and submit findings and recommendations to the District Court.

  The petitioner brought this habeas action on May 24, 2007.[2] On September 26, 2007, the respondent moved for summary judgment. By order filed September 27, 2007, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the petitioner was advised of the summary judgment dismissal procedure and the possible consequences if he failed to adequately respond to the motion. On October 30, 2007, the petitioner filed a response.

---

[1]The petitioner originally filed this petition in the United States Court for the Eastern District of Virginia. However, on June 19, 2007, this case was transferred to this district.

[2]The prison mailroom stamped the petition as having been received on May 24, 2001, which the undersigned is using as the filing date. Houston v. Lack, 487 U.S. 266 (1988)(holding document considered filed upon delivery to prison officials for forwarding to court).

## **PROCEDURAL FACTS**

The petitioner is a state prisoner currently incarcerated in the Broad River Correctional Institution. In July 1997, the petitioner was indicted for armed robbery. (App. 156-157.) Attorney Donald G. Letteer represented the petitioner at trial. On September 11, 1997, the petitioner was tried before a jury with the Honorable J. Derham Cole presiding. The jury convicted the petitioner as charged. (App. 148.) Judge Cole sentenced the petitioner to thirty (30) years imprisonment. (App. 152.) The petitioner filed a direct appeal.

Assistant Appellate Defender Robert M. Pachak represented the petitioner on appeal. On June 11, 1998, counsel filed a motion to be relieved and an *Anders* brief raising the following issue: "Whether Captain Broome impermissibly placed appellant's character in issue?" (Resp't's Mem. Supp. Summ. J. Mot. Ex. 5.) On July 26, 1998, the petitioner raised the following additional issues for consideration in a pro se brief, quoted verbatim:

> 1. Whether Appellant is entitled to a new trial because the trial court failed to consider the pre-trial publicity when a local newspaper ran a article calling the Appellant "The Beer Bandit," and should have conducted a change of venue hearing, in violation of the Sixth Amendment of the United States Constitution.
>
> 2. Whether Appellant is entitled to a new trial because the trial court failed to consider the family relationship between a law enforcement officer and juror, serious enough to warrant more questioning for expressions of bias during voir dire, in violation of the Sixth Amendment of the United States Constitution.
>
> 3. Whether counsel for the Appellant conducted an adequate investigation of the criminal history of the State's prosecuting witness thereby violating defendant's constitutional rights.
>
> 4. Whether the co-defendant's testimony was based on lies and the Appellant was a victim of a miscarriage of Justice.

(Resp't's Mem. Supp. Summ. J. Mot. Ex. 7.) On November 24, 1998, the South Carolina Court of Appeals dismissed the petitioner's appeal in an unpublished opinion. (App.

159-160.)  The petitioner did not seek certiorari review from the South Carolina Supreme Court and the remittitur was sent down on December 10, 1998.

On March 15, 1999, the petitioner filed an application for post-conviction relief ("PCR") raising the following grounds for relief, quoted verbatim:

> 1. Because I was improperly prepared for trial.
>
> 2. The defendant has a criminal record and it was not brought up.
>
> 3. The indictment was altered during the trial.

(App. 162.)  Attorney Don A. Thompson represented the petitioner.  On June 12, 2004, PCR counsel filed an amended application raising the following grounds for relief:

> (a) Ineffective assistance of trial counsel as follows:
>
>> 1. Failure of trial counsel to move to suppress, and to object to, any and all comments and testimony pertaining to the armed robbery of Jeff Norman;
>>
>> 2. Failure of trial counsel to raise objection during the testimony of Amanda Rayfield, to Ms. Rayfield's hearsay testimony concerning the armed robbery of Jeff Norman;
>>
>> 3. Failure of trial counsel to raise objection to improper testimony by Kevin Ross, which testimony improperly raised the issue of applicant's character; and The Supreme Court of South Carolina "has approved the withdrawal of counsel in 1 meritless post-conviction appeals, provided the procedures outlined in *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), were followed." *Johnson v. State,* 294 S.C. 310, 310, 364 S.E.2d 201, 201 (1988). The state court adheres to this requirement even though the United States Supreme Court has held, in *Pennsylvania v. Finley*, 481 U.S. 551(1987), that such a review is not required.  *Id*.
>>
>> 4. Failure of trial counsel to raise the issue of subject matter jurisdiction when the State moved to amend the indictment after closing the State's case.
>>
>>> (b) The Trial Court lacked subject matter jurisdiction to convict application for the armed robbery of Jeff Norman.

(App. 168-169.) On June 21, 2004, a hearing was held before the Honorable J. Mark Hayes. On September 23, 2004, Judge Hayes issued an order denying relief. (App. 189-197.) The petitioner appealed. Assistant Appellate Defender Robert M. Pachak represented the petitioner on appeal. On April 4, 2005, he filed a motion to be relieved and *Johnson* petition for writ of certiorari in the Supreme Court of South Carolina raising the following issue, quoted verbatim: "Whether the trial court lacked subject-matter jurisdiction to try petitioner for armed robbery when the solicitor changed the name of the victim on the indictment at the end of the trial?" (Resp't's Mem. Supp. Summ. J. Mot. Ex. 10 at 2.) On May 24, 2006, the South Carolina Supreme Court denied the petition for review and granted the petition to be relieved of appointment. The remittitur was sent down on June 9, 2006.

On June 1, 2007, the petitioner filed this habeas action rasing the following ground, quoted verbatim: "Did Appellate court error when it allowed the State to amend indictment after the State rested its case?" (Pet. at 6.)

## APPLICABLE LAW

**Summary Judgment Standard**

Rule 56 of the Federal Rule of Civil Procedure states as to a party who has moved for summary judgment:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Accordingly, to prevail on a motion for summary judgment, the movant must demonstrate that (1) there is no genuine issue as to any material fact; and (2) that he is entitled to summary judgment as a matter of law. As to the first of these determinations, a fact is deemed "material" if proof of its existence or nonexistence would affect the disposition of the case under the applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S.

242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. Rather, the non-moving party must demonstrate that specific, material facts exist which give rise to a genuine issue. *Id.* at 324. Under this standard, the existence of a mere scintilla of evidence in support of the petitioner's position is insufficient to withstand the summary judgment motion. *Anderson,* 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Ross v. Communications Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985).

## **DISCUSSION**

The respondent contends that this habeas petition should be dismissed because it was not timely filed within the one-year statute of limitations for filing federal habeas petitions. The undersigned agrees.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") became effective on April 24, 1996. The AEDPA substantially modified procedures for consideration of habeas corpus petitions of state inmates in the federal courts. One of those changes was the amendment of 28 U.S.C. § 2244 to establish a one-year statute of limitations for filing habeas petitions. Section 2244(d) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. 2244(d). The one-year statute of limitations begins to run on the date the petitioner's conviction becomes final, not at the end of collateral review. *Harris v. Hutchinson*, 209 F.3d 325, 327 (4th Cir. 2000). In South Carolina, a defendant must file a notice of appeal within ten days of his conviction. Rule 203(b)(2), SCACR. If a defendant does not file a direct appeal, his conviction becomes final ten days after the adjudication of guilt. *Crawley v. Catoe,* 257 F.3d 395 (4th Cir. 2001).

As noted above, the statute of limitations for filing a habeas action is tolled during the period that "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). The statute of limitations is tolled for the entire period of the state PCR process, "from initial filing to final disposition by the highest state court (whether decision on the merits, denial

of certiorari, or expiration of the period of time to seek further appellate review)." *Taylor v. Lee,* 196 F.3d 557, 561 (4th Cir. 1999). However, a state PCR proceeding must be "properly filed" for the statutory tolling provisions of § 2244(d)(2) to apply. "When a post-conviction petition is untimely under state law, it is not considered "properly filed" and 'that [is] the end fo the matter' for purposes of § 2244(d)(2)." *Pace v. DiGulielmo*, 544 U.S. 408, 414 (2005)(*quoting Carey v. Saffold*, 536 U.S. 214, 236 (2002)).

The petitioner was convicted on September 11, 1997. The petitioner filed a timely direct appeal. The petitioner's direct appeal concluded on December 10, 1998, when the South Carolina Court of Appeals issued its remittitur. Because the petitioner's conviction became final after the enactment of the AEDPA, he had one year to file his federal habeas corpus action after it became final unless the period was at any time tolled. *Hernandez v. Caldwell*, 225 F.3d 435 (4th Cir. 2000).

After ninety-five (95) days had passed, the petitioner filed for an application for PCR on March 15, 1999.[3] On June 12, 2004, the petitioner's filed an amended application for PCR through counsel. On September 23, 2004, the petitioner's PCR application was denied. On May 24, 2006, the South Carolina Supreme Court denied the petitioner's petition for review and granted counsel's motion to be relieved. The remittitur was sent down on June 9, 2006. As ninety-five (95) days had already lapsed prior to the petitioner filing for PCR, the petitioner had two hundred and seventy days (270) left to file a federal

---

[3] Because the petitioner did not seek certiorari in the South Carolina Supreme Court, he is not entitled to the additional period of ninety days in which to seek certiorari review from the United States Supreme Court as the failure to seek certiorari from the Supreme Court of South Carolina precluded him from meeting the jurisdictional requirements of the United States Supreme Court. *Eisermann v. Penarosa*, 33 F.Supp.2d 1269, 1273 n.5 (D.Ha.1999)(holding "petitioner's failure to apply for certiorari at the state level divested the United States Supreme Court of jurisdiction to grant or deny a writ of certiorari" thus ninety day period to seek certiorari did not apply). Therefore, the petitioner's time to file for habeas review began to run after the issuance of the remittitur on December 10, 1998.

7

habeas action.[4]  The petitioner filed this habeas action three hundred and forty-nine (349) days later on May 24, 2007.  Thus, he filed this action seventy-nine (79) days late.

The petitioner alleges he did not timely file for habeas relief because he was serving a North Carolina sentence and he did not know he was under a time limit.  (Pet'r's Mem. Opp. Summ. J. Mot. at 1.)  Even if these facts could provide the petitioner relief from the one-year time limit, which they do not, this argument does not help the petitioner. The petitioner states he completed his North Carolina sentence and was transferred to South Carolina in 2002 and the time which the petitioner spent in North Carolina was tolled as he had a pending PCR application from March 15, 1999, through June 10, 2006.  Accordingly, the defendants should be granted summary judgment as this petition is time barred.

Moreover, as to equitable tolling, the Fourth Circuit Court of Appeals has stated that such tolling is only allowed in "those rare instances where-due to circumstances external to the party's own conduct-it would be unconscionable to enforce the limitations period against the party and gross injustice would result." *Rouse v. Lee,* 339 F.3d 238, 246 (4th Cir. 2004). To be entitled to equitable tolling, the petitioner must show that there was an "'extraordinary circumstance,' (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time." *Rouse v. Lee*, 339 F.3d 238, 246 (4 Cir. 2003). In *Harris v. Hutchinson*, 209 F.3d 325, 330-31 (4th Cir. 2000), the Fourth Circuit Court of Appeals held equitable tolling has been applied in two kinds of situations.  In the first situation, the petitioners were prevented from asserting their claims by some kind of wrongful conduct on the part of the

---

[4]Rule 6, Fed.R.Civ.P.,specifically provides that "[i]n computing any period of time . . . the day of the act, event, or default from which the designated period of time begins to run shall not be included." Further, section 2244(d)(2) states "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). Thus, under a plain reading of the statute, the day the petitioner's PCR application was filed," is a day "during which a properly filed application for state post-conviction . . . relief . . . is pending," and that day "shall not be counted" against the limitations period.

8

respondent and in the second, extraordinary circumstances beyond the petitioners' control made it impossible to file their claims on time. The court concluded that "any resort to equity must be reserved for those rare instances where -due to circumstances external to the party's own conduct - it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Id.* at 330. The petitioner does not set forth any basis which would support a finding that it would be unconscionable to enforce the limitations period and that a gross injustice would result from such enforcement. Therefore, equitable tolling also is not available for the petitioner.

## **CONCLUSION**

Wherefore, it is RECOMMENDED that the Respondent's Motion for Summary Judgment (#12) be GRANTED and the habeas petition be DISMISSED with prejudice.

Further, it is recommended that the Petitioner's Motion to Appoint Counsel (#15) be DENIED as moot.

IT IS SO RECOMMENDED.


s/Bruce Howe Hendricks
United States Magistrate Judge

February 25, 2008
Greenville, South Carolina

**The petitioner's attention is directed to the important notice on the next page.**

9

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail.  Fed. R. Civ. P. 6(a) & (e).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P.O. Box 10768
> Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).