IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Santana Elliot,                                    ) | C/A No.: 8:07-1676-JFA-BHH |
|                                   ) | |
|                Petitioner,         ) | |
|      vs.                             ) | O R D E R |
|                                   ) | |
| Kenneth Weedon, Warden of Broad River ) | |
| Correctional Institution,            ) | |
|                                   ) | |
|                Respondent.       ) | |
| _____ ) | |

The *pro se* petitioner, Santana Elliot, initiated this action pursuant to 28 U.S.C. § 2254 seeking relief from his state criminal conviction for armed robbery. Specifically, petitioner alleges that the State court erred when it allowed the indictment to be amended after the State had rested its case.

The Magistrate Judge assigned to this action[1] has prepared a comprehensive Report and Recommendation wherein she suggests that the respondent's motion for summary judgment[2] be granted. The Report sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates such without a recitation.

The parties were advised of their right to file objections to the Report and

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

[2] An order was issued pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975) notifying petitioner of the summary dismissal procedure and possible consequences if he failed to adequately respond to the motion for summary judgment. Petitioner responded to the motion.

1

Recommendation, which was entered on the docket on February 25, 2008. Neither party filed objections[3] to the Report.

The Magistrate Judge opines, and the undersigned agrees, that the petitioner did not timely file his habeas petition within the one-year statute of limitations for filing federal habeas petitions set forth in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). In addition, the Magistrate finds no showing by the petitioner that would entitle him to equitable tolling.

After carefully reviewing the applicable law, the record in this case, and the Report and Recommendation, the court finds the Magistrate Judge's recommendation fairly and accurately summarizes the facts and applies the correct principles of law. The court, therefore, adopts the recommendation of the Magistrate Judge in full and incorporates this Report by specific reference.

Accordingly, the respondent's motion for summary judgment is granted and the petition is dismissed with prejudice. Petitioner's motion for appointment of counsel is moot.

IT IS SO ORDERED.

Joseph F. Anderson, Jr.
United States District Judge

April 17, 2008
Columbia, South Carolina

---

[3] Under 28 U.S.C. § 636(b)(1), the district court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's Report to which objections have been filed. The court reviews the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005). *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Failure to timely file specific written objections to the Report and Recommendation will result in waiver of the right to appeal from a judgment the District Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

3